Richard D. Stanton and Sandra Stanton v. Commissioner.
Stanton v. Commissioner
Docket No. 4946-70 SC.
United States Tax Court
T.C. Memo 1971-202; 1971 Tax Ct. Memo LEXIS 127; 30 T.C.M. (CCH) 847; T.C.M. (RIA) 71202; August 18, 1971, Filed Richard D. Stanton, pro se, 10410 Norwich Ave., Cupertino, Calif.Joel A. Sharon, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1967 in the amount of $401.30. The sole issue involved is whether petitioners are entitled to dependency deductions for three children of petitioner Richard D. Stanton by his former wife for the year 1967. Findings of Fact Some of the facts were stipulated and they are so found. Richard D. Stanton and Sandra Stanton are husband and wife who resided at 10410 Norwich Avenue, Cupertino, California at the time of filing of their petition herein. They filed a joint Federal income tax return for *128 1967 with the district director of internal revenue at San Francisco, California. Richard D. Stanton (hereinafter referred to as petitioner) and the present Evelyn Simas were married in the State of Washington in 1952. They were subsequently divorced in the State of California, the final decree having been entered on January 4, 1963. Of this marriage there were born five children, viz., Richard, Anthony, Jerri Ann, Rae Ann, and Timothy, all of whom were minors during the year here at issue. The 848 decree of divorce awarded custody of all five children to Evelyn Simas and required petitioner to pay to her the sum of $60 per month for the support of each of the children. In April of 1964 Evelyn Simas married Norbert Simas and thereafter she and the five children resided with Simas. During the year 1967 petitioner paid Evelyn Simas the total sum of $3,150 in child support payments or $630 per child. In addition to these payments, petitioner also contributed, for support of the children, the sum of $125, or $25 per child. On his joint Federal income tax return for the calendar year 1967, petitioner claimed all five of the children by his marriage to Evelyn Simas as dependency *129 exemptions. Respondent disallowed three of the five claimed exemptions on the ground that petitioner had failed to establish that he had provided more than one half the support for these three children within the purview of section 152 of the Internal Revenue Code of 1954. Opinion This case involves the taxable year 1967, a year to which the provisions of section 152(e) of the Code (relating to the allowance of dependency exemptions) is made expressly applicable. That section provides, in the case of children of divorced parents, a general rule that the parent with custody of the children is entitled to the dependency exemptions for them. An exception to this general rule obtains, however, where the parent not having custody of the children provides $1,200 or more for the support of the children and the custodial parent does not "clearly establish" that he or she provided more for support of them than did the non-custodial parent. Where, as here, the custodial parent, Evelyn Simas, is not a party to these proceedings the burden of "clearly establishing" that she provided more in support for the children than did petitioner falls upon respondent. To carry *130 his burden, respondent called to the stand Evelyn Simas. She testified to various items of support such as lodging, food, clothing, medical and dental care, gifts, transportation, and laundry and dry cleaning. In sum total the items of support amounted to $1,531 per child. Each item to which she testified was based upon an estimate made to the best of her recollection. Such testimony was both credible and reasonable, but no item was corroborated by other substantive proof. Based upon such a record, wherein nothing corroborative of the witness' testimony is offered, we are not prepared to hold that respondent has carried his burden of "clearly establishing" that Evelyn Simas, the custodial parent of the children furnished more in support of them than did petitioner. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the petitioners.